CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
JUL 23 2010
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| THERESA HALLUMS, <br> Plaintiff, | Civil Action No. 7:10-cv-00307 |
| v. | **MEMORANDUM OPINION** |
| DEPT. OF CORRECTIONS, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Theresa Hallums, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Department of Corrections ("VDOC"), the State of Virginia, and John M. Jabe, the VDOC Deputy Director of Operations. Plaintiff complains that she does not want her hair cut by VDOC employees. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A(b)(1). After reviewing plaintiff's submissions, I dismiss the complaint without prejudice as frivolous.

I.

Plaintiff alleges the following facts in her complaint. Plaintiff was placed in the VDOC on September 9, 2009, and her hair that was past her collar was cut off. The VDOC responded to plaintiff's refusal to have her hair cut by placing her in segregation. Plaintiff then complied, and VDOC staff pulled her hair tight enough to take out any slack or texture and cut off the extra hair. Plaintiff says that the VDOC policy of her making her cut her hair makes her cry and emotionally distraught. Plaintiff requests as relief $48,500.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C.

§§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district

courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Eighth Amendment prohibits only the unnecessary and wanton infliction of pain. See Whitley v. Albers, 475 U.S. 312, 319 (1986). Because plaintiff fails to point to any evidence indicating defendants caused her any physical pain, and I am unaware of any authority equating an inmate's normal haircut with physical injury. Therefore, plaintiff's allegations of cruel and unusual punishment for having her hair cut claims an infringement of a legal interest which clearly does not exist. Furthermore, neither the Commonwealth of Virginia nor the VDOC are proper defendants for a damages action under § 1983, and plaintiff does not allege any personal act by defendant Jabe. Moreover, plaintiff is not entitled to damages for an alleged mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S.C. § 1997e(e).

III.

For the foregoing reasons, I dismiss the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), and deny all remaining motions as moot.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 23rd day of July, 2010.

Senior United States District Judge

3